## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

**CIVIL ACTION NO. 1:16-cv-10181-FDS**

**DANNY WENG, CHRISTOPHER HART, MARKUS VALLASTER, SARAH ZESCH, JOHN STANTON, MICHAEL GOULD, and COMMONWEALTH SECOND AMENDMENT, INC.,**

      **Plaintiffs,**

**v.**

**WILLIAM B. EVANS, in his Official Capacity as Commissioner of the Boston Police Department, and DANIEL C. O'LEARY, in his Official Capacity as Chief of the Brookline Police Department,**

      **Defendants.**

### DEFENDANT WILLIAM B. EVANS'S ANSWER TO PLAINTIFFS' AMENDED COMPLAINT

      Defendant William B. Evans ("Defendant") answers the Amended Complaint, dated April 14, 2016, ("Amended Complaint") of Plaintiffs Danny Weng, Christopher Hart, Markus Vallaster, Sarah Zesch, John Stanton, Michael Gould, and Commonwealth Second Amendment, Inc. (collectively, "Plaintiffs") as follows:

1. Paragraph one of the Amended Complaint is an introductory paragraph to which no response is required. Moreover, paragraph one of the Amended Complaint consists solely of legal conclusions to which no response is required.

### JURISDICTION

2. Paragraph two of the Amended Complaint consists of legal conclusions to which no response is required.

3.   Paragraph three of the Amended Complaint consists of legal conclusions to which no response is required.

4.   Paragraph four of the Amended Complaint consists of legal conclusions to which no response is required.

5.   Paragraph five of the Amended Complaint consists of legal conclusions to which no response is required.

## PARTIES

6.   Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph six of the Amended Complaint.

7.   Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph seven of the Amended Complaint.

8.   Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph eight of the Amended Complaint.

9.   Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph nine of the Amended Complaint.

10.  Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph ten of the Amended Complaint.

11.  Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph eleven of the Amended Complaint.

12.  Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph twelve of the Amended Complaint.

13.  The first sentence of paragraph thirteen of the Amended Complaint consists of legal conclusions to which no response is required.  To the extent that a response is required, Defendant admits the allegations in the first sentence of paragraph thirteen of the Amended Complaint.  As to the second sentence of paragraph thirteen of the Amended Complaint, Defendant admits that Commissioner Evans, in his official capacity as Commissioner of the Boston Police Department, is responsible for issuing handgun licenses in the City of Boston.  Defendant denies any attempt in the second sentence of paragraph thirteen to characterize the policies and procedures of the Boston Police Department.

14.  Paragraph fourteen of the Amended Complaint consists of legal conclusions to which no response is required.  To the extent that a response is required, Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph fourteen of the Amended Complaint.

## CONSTITUTIONAL PROVISIONS

15. Paragraph fifteen of the Amended Complaint consists of legal conclusions to which no response is required.  Moreover, paragraph fifteen of the Amended Complaint refers to a document that speaks for itself.

16. Paragraph sixteen of the Amended Complaint is a legal conclusion to which no response is required.

17. Paragraph seventeen of the Amended Complaint is a legal conclusion to which no response is required.

18. Paragraph eighteen of the Amended Complaint is a legal conclusion to which no response is required.

19. Paragraph nineteen of the Amended Complaint consists of legal conclusions to which no response is required.

20. Paragraph twenty of the Amended Complaint consists of legal conclusions to which no response is required.  Moreover, paragraph twenty of the Amended Complaint refers to a document that speaks for itself.

## MASSACHUSETTS HANDGUN LICENSING LAWS

21. Paragraph twenty-one of the Amended Complaint consists of legal conclusions to which no response is required.  Moreover, the allegations in paragraph twenty-one of the Amended Complaint refer to documents that speak for themselves.

22. Paragraph twenty-two of the Amended Complaint consists of legal conclusions to which no response is required.  Moreover, the allegations in paragraph twenty-two of the Amended Complaint refer to documents that speak for themselves.

23. Paragraph twenty-three of the Amended Complaint consists of legal conclusions to which no response is required.  Moreover, the allegations in paragraph twenty-three of the Amended Complaint refer to documents that speak for themselves.

24. Paragraph twenty-four of the Amended Complaint consists of legal conclusions to which no response is required.  Moreover, the allegations in paragraph twenty-four of the Amended Complaint refer to documents that speak for themselves.

25. Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph twenty-five of the Amended Complaint.  To the extent that a response is required, Defendant denies the allegations in paragraph twenty-five of the Amended Complaint.

26. Defendant denies the allegations in the first sentence of paragraph twenty-six of the Amended Complaint. Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations in the remainder of paragraph twenty-six of the Amended Complaint. To the extent that a response is required, Defendant denies the allegations in the remainder of paragraph twenty-six of the Amended Complaint.

## DEFENDANTS' APPLICATION OF THE STATUTE AGAINST THE PLAINTIFFS

### COMMISSIONER EVANS AND THE BOSTON POLICE DEPARTMENT – DANNY WENG

27. Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph twenty-seven of the Amended Complaint.

28. Defendant admits that "Mr. Weng applied for an LTC from Commissioner Evans" but denies the remaining allegations in the first sentence of paragraph twenty-eight of the Amended Complaint. Defendant admits the allegations in the second sentence of paragraph twenty-eight of the Amended Complaint. Defendant admits that "When he applied, Mr. Weng met with an officer in the Boston Police Department's Licensing Unit" but denies the remaining allegations in the third sentence of paragraph twenty-eight of the Amended Complaint.

29. Defendant admits the allegations in paragraph twenty-nine of the Amended Complaint.

30. Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph thirty of the Amended Complaint.

31. As to the allegations in the first sentence of paragraph thirty-one, Defendant admits that the Boston Police Department received a letter dated March 13, 2014 and purporting to be from Danny Weng. Defendant asserts that this letter speaks for itself. The allegations in the second sentence of paragraph thirty-one refer to a document that speaks for itself.

### COMMISSIONER EVANS AND THE BOSTON POLICE DEPARTMENT – CHRISTOPHER HART

32. Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph thirty-two of the Amended Complaint.

33. Defendant admits to the allegations in the first sentence of paragraph thirty-three of the Amended Complaint. Defendant denies the allegations in the second sentence of paragraph thirty-three of the Amended Complaint.

34. Defendant admits to the allegations in the first and second sentences of paragraph thirty-four of the Amended Complaint. Defendant admits that Mr. Hart completed an application form but denies the rest of the allegations in the third sentence of paragraph thirty-four of the Amended Complaint. Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations in the fourth sentence of

paragraph thirty-four of the Amended Complaint, and Defendant denies the allegations in the fourth sentence of paragraph thirty-four of the Amended Complaint to the extent that they are intended to characterize the policies or procedures of the Boston Police Department.

35. Defendant admits the allegations in paragraph thirty-five of the Amended Complaint.

36. Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph thirty-six of the Amended Complaint.

<u>COMMISSIONER EVANS AND THE BOSTON POLICE DEPARTMENT –<br>MARKUS VALLASTER</u>

37. Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations in the first sentence of paragraph thirty-seven of the Amended Complaint.  As to the allegations in the second and third sentences of paragraph thirty-seven of the Amended Complaint, Defendant admits the existence and possession of records reflecting a "Resident Alien Permit to Possess Non-Large Capacity Rifle/Shotgun" purportedly issued on February 28, 2012 by the Massachusetts State Police to Markus Vallaster, set to expire on December 31, 2012, and bearing the following indication:  "Restrictions: None."  The Defendant is without knowledge or information sufficient to form a belief about the truth of any other allegations in the second and third sentences of paragraph thirty-seven of the Amended Complaint.

38. Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph thirty-eight of the Amended Complaint.

39. Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations in the first clause of the first sentence of paragraph thirty-nine of the Amended Complaint.  Defendant admits the allegation in the first sentence of paragraph thirty-nine that Vallaster applied for an LTC from Commissioner Evans.  Defendant admits the allegation in the second sentence of paragraph thirty-nine of the Amended Complaint.  Defendant admits the allegation in the third sentence of paragraph thirty-nine that Vallaster completed an application form.  Defendant denies all other allegations in the third sentence of paragraph thirty-nine of the Amended Complaint.  Defendant denies the allegations in the fourth sentence of paragraph thirty-nine.

40. Defendant admits the allegations in paragraph forty of the Amended Complaint.

41. Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph forty-one of the Amended Complaint.

42. As to the allegations in the first sentence of paragraph forty-two of the Amended Complaint, Defendant admits that the Boston Police Department received an undated letter purporting to be from Dr. Markus P. Vallaster.  Defendant further states that the letter referenced in the first sentence of paragraph forty-two speaks for itself.  The

allegations in the second sentence of paragraph forty-two likewise refer to a document that speaks for itself.  Defendant admits the first clause of the third sentence of paragraph forty-two, but Defendant denies the allegations in the remainder of the third sentence of paragraph forty-two.

43. Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph forty-three of the Amended Complaint.

## COMMISSIONER EVANS AND THE BOSTON POLICE DEPARTMENT – SARAH ZESCH

44. Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph forty-four of the Amended Complaint.

45. Defendant admits the allegations in the first and second sentences of paragraph forty-five of the Amended Complaint.  Defendant admits that "When she applied, she met with an officer in the Boston Police Department's Licensing Unit" but denies all other allegations in the third sentence of paragraph forty-five of the Amended Complaint.  Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations in the fourth sentence of paragraph forty-five.

46. Defendant admits the allegations in paragraph forty-six of the Amended Complaint.

47. Paragraph forty-seven of the Amended Complaint consists of legal conclusions to which no response is required.  To the extent that a response is required, Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph forty-seven of the Amended Complaint.  Moreover, paragraph forty-seven of the Amended Complaint refers to documents that speak for themselves.

## COMMISSIONER EVANS AND THE BOSTON POLICE DEPARTMENT – JOHN STANTON

48. Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations in the first sentence of paragraph forty-eight of the Amended Complaint.  Defendant admits the allegations in the second and third sentences of paragraph forty-eight of the Amended Complaint.  Defendant admits that "When he applied, Mr. Stanton met with an officer in the Boston Police Department's Licensing Unit" but denies all other allegations in the fourth sentence of paragraph forty-eight of the Amended Complaint.  Defendant admits the allegation in the fifth sentence of paragraph forty-eight of the Amended Complaint.

49. Defendant admits that "Commissioner Evans issued Mr. Stanton a 'Class A' LTC carrying the restriction of 'Target & Hunting'" but denies the rest of the allegations in paragraph forty-nine of the Amended Complaint.

50. As to the allegations in the first sentence of paragraph fifty of the Amended Complaint, Defendant admits that the Boston Police Department received a letter dated March 13,

2015 and purporting to be from John Stanton.  Defendant asserts that the letter speaks for itself.  Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations in the second sentence of paragraph fifty of the Amended Complaint.

51. As to the allegations in the first sentence of paragraph fifty-one of the Amended Complaint, Defendant admits that the Boston Police Department received a letter dated July 30, 2015 and purporting to be from John Stanton.  Defendant asserts that this letter speaks for itself.  Answering further, the allegations in the second sentence of paragraph fifty-one of the Amended Complaint refer to a document that speaks for itself.

## CHIEF O'LEARY AND THE BROOKLINE POLICE DEPARTMENT – MICHAEL GOULD

52. Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph fifty-two of the Amended Complaint.

53. Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph fifty-three of the Amended Complaint.

54. Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph fifty-four of the Amended Complaint.

55. Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph fifty-five of the Amended Complaint.

56. Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph fifty-six of the Amended Complaint.

## **INJURY TO THE PLAINTIFFS**

57. Paragraph fifty-seven of the Amended Complaint consists of legal conclusions to which no response is required.  To the extent that a response is required, Defendant denies the allegations in paragraph fifty-seven of the Amended Complaint.  Defendant denies any allegation of injury or damages to Plaintiffs.

58. Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph fifty-eight of the Amended Complaint.

59. Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph fifty-nine of the Amended Complaint.  Defendant denies any allegation of injury or damages to Plaintiffs.

60. Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph sixty of the Amended Complaint.  Defendant denies any allegation of injury or damages to Plaintiffs.

61. Paragraph sixty-one of the Amended Complaint consists of legal conclusions to which no response is required.  To the extent that a response is required, Defendant denies the allegations in paragraph sixty-one of the Amended Complaint.

## COUNT I

62. Paragraph sixty-two of the Amended Complaint consists of legal conclusions to which no response is required.  To the extent that a response is required, Defendant denies the allegations in paragraph sixty-two of the Amended Complaint.

63. Paragraph sixty-three of the Amended Complaint consists of legal conclusions to which no response is required.  To the extent that a response is required, Defendant denies the allegations in paragraph sixty-three of the Amended Complaint.

64. Paragraph sixty-four of the Amended Complaint consists of legal conclusions to which no response is required.  To the extent that a response is required, Defendant denies the allegations in paragraph sixty-four of the Amended Complaint.

65. Paragraph sixty-five of the Amended Complaint consists of legal conclusions to which no response is required.  To the extent that a response is required, Defendant denies the allegations in paragraph sixty-five of the Amended Complaint.

## COUNT II

66. Paragraph sixty-six of the Amended Complaint consists of legal conclusions to which no response is required.  To the extent that a response is required, Defendant denies the allegations in paragraph sixty-six of the Amended Complaint.

67. Paragraph sixty-seven of the Amended Complaint consists of legal conclusions to which no response is required.  To the extent that a response is required, Defendant denies the allegations in paragraph sixty-seven of the Amended Complaint.

68. Paragraph sixty-eight of the Amended Complaint consists of legal conclusions to which no response is required.  To the extent that a response is required, Defendant denies the allegations in paragraph sixty-eight of the Amended Complaint.

## PRAYER FOR RELIEF

The last paragraph and component sub-paragraphs of the Amended Complaint are prayers for relief, and as such, no response is required.

## **AFFIRMATIVE DEFENSES**

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs' Amended Complaint fails to state any claims upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Some or all of Plaintiffs lack standing to assert some or all of the claims set forth in the Amended Complaint.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff Commonwealth Second Amendment, Inc. lacks standing or cognizable injury.

### FOURTH AFFIRMATIVE DEFENSE

Defendant at all times acted in good faith upon reasonable belief that his actions were in accordance with the Constitution and laws of the United States and the Commonwealth of Massachusetts.

### FIFTH AFFIRMATIVE DEFENSE

At all times relevant to the incidents alleged by the Plaintiffs, Defendant and his employees and/or agents acted in accordance with all relevant laws of the United States and the Commonwealth of Massachusetts.

### SIXTH AFFIRMATIVE DEFENSE

Defendant's acts and conduct were performed according to, and protected by, law and/or legal process, and therefore, the Plaintiffs cannot recover.

### SEVENTH AFFIRMATIVE DEFENSE

Defendant has exercised his authority in a manner consistent with Mass. Gen. Laws c. 140, § 131.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs have not been deprived of any rights secured by either the Constitution or the laws of the United States or of the Commonwealth of Massachusetts.

## NINTH AFFIRMATIVE DEFENSE

The statutory scheme under Mass. Gen. Laws c. 140, § 131 did not and does not violate any of Plaintiffs' constitutional rights.

## TENTH AFFIRMATIVE DEFENSE

Plaintiffs fail to identify specific instances where similarly situated persons within the City of Boston were treated more favorably or even differently than Plaintiffs.

## ELEVENTH AFFIRMATIVE DEFENSE

Defendant did not maintain an unconstitutional municipal policy, practice, or custom.

## TWELFTH AFFIRMATIVE DEFENSE

Defendant did not maintain a well-settled municipal practice which by its implementation was deliberately indifferent to the constitutional rights of Plaintiffs.

## THIRTEENTH AFFIRMATIVE DEFENSE

No decision or action by other officials of the City of Boston vested with policymaking authority was deliberately indifferent to the constitutional rights of Plaintiffs.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the doctrine of laches and/or the statute of limitations.

## FIFTEENTH AFFIRMATIVE DEFENSE

Defendant and his employees, policymakers, and/or agents are shielded by the doctrine of qualified immunity.

## SIXTEENTH AFFIRMATIVE DEFENSE

Defendant is immune from suit as he was engaging in discretionary functions.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' injuries and/or damages, if any, were proximately caused by their own negligent or intentional conduct and/or by the conduct of others, and not by the conduct of Defendant.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiffs are by their own acts, omissions, or negligence estopped from asserting any claims against Defendant.

## NINETEENTH AFFIRMATIVE DEFENSE

None of Defendant's acts or omissions was a proximate cause of injuries or damages, if any, allegedly sustained by the Plaintiffs.  Nor were these alleged injuries or damages caused by any person or entity within Defendant's responsibility or control.

## TWENTIETH AFFIRMATIVE DEFENSE

Defendant is not subject to liability under the Massachusetts Civil Rights Act.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiffs have failed to exhaust their administrative and judicial remedies pursuant to Mass. Gen. Laws c. 140, § 131.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiffs' Complaint should be dismissed for its failure to join a necessary party.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

The Second and Fourteenth Amendments to the United States Constitution do not entitle Plaintiffs to unrestricted licenses to carry firearms.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to mitigate their damages.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

The Court should avoid reaching a decision on federal constitutional grounds where the case has not been litigated on state statutory grounds.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the doctrines of res judicata and/or collateral estoppel.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Defendant reserves the right to raise additional affirmative defenses as the factual basis for the Plaintiffs' Amended Complaint becomes known.

## JURY DEMAND

The City demands a trial by jury on all counts.

Respectfully submitted,

**WILLIAM B. EVANS, in his official capacity as Commissioner of the Boston Police Department,**

By his attorneys:

Eugene L. O'Flaherty,
Corporation Counsel

/s/ Matthew M. McGarry
Matthew M. McGarry (BBO# 678363)
Assistant Corporation Counsel
City of Boston Law Department
Room 615, City Hall
Boston, MA 02201
(617) 635-4042
matthew.mcgarry@boston.gov

/s/ Peter M. Geraghty
Peter M. Geraghty (BBO #664197)
Special Assistant Corporation Counsel
Boston Police Department
Office of the Legal Advisor
Boston, MA 02120
(617) 343-4550
peter.geraghty@pd.boston.gov

**CERTIFICATE OF SERVICE**

   I hereby certify that on June 30, 2016, this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants.

         /s/ Matthew M. McGarry
         Matthew M. McGarry