UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 1:16-cv-10181-FDS

| | )
DANNY WENG, CHRISTOPHER HART; | )
MARKUS VALLASTER; SARAH ZESCH | )
JOHN STANTON, MICHAEL GOULD and | )
COMMONWEALTH SECOND | )
AMENDMENT, INC., | )
     Plaintiffs, | )
| )
   v. | )
| )
DANIEL C. O'LEARY, in his Official Capacity | )
as Chief of the Brookline Police Department, and | )
WILLIAM B. EVANS, in his Official Capacity as | )
Commissioner of the Boston Police Department, | )
     Defendants. | )
| )

**ANSWER TO AMENDED COMPLAINT OF DEFENDANT DANIEL C. O'LEARY,
CHIEF OF THE BROOKLINE POLICE DEPARTMENT**

1. The defendant does not respond to the first sentence contained in Paragraph 1 of the Plaintiffs'

Amended Complaint as it is not a statement of fact. The defendant denies the remaining

allegations contained in Paragraph 1 of the Plaintiffs' Amended Complaint.

**Jurisdiction and Venue**

2. Paragraph 2 states a legal conclusion to which no response is required.

3. The Defendant admits that the Court has personal jurisdiction over the Defendant, Daniel C.

O'Leary.

4. The Defendant O'Leary admits the allegations in Paragraph 4.

5. Defendant O'Leary lacks information sufficient to either admit or deny Paragraph 5.

## Parties

6. Paragraph 6 does not apply to Defendant O'Leary and therefore no response is required.

7. Paragraph 7 does not apply to Defendant O'Leary and therefore no response is required.

8. Paragraph 8 does not apply to Defendant O'Leary and therefore no response is required.

9. Paragraph 9 does not apply to Defendant O'Leary and therefore no response is required.

10. Paragraph 10 does not apply to Defendant O'Leary and therefore no response is required.

11. Defendant O'Leary admits the allegations of Paragraph 11.

12. Paragraph 12 does not apply to Defendant O'Leary and therefore no response is required.

13. Paragraph 13 does not apply to Defendant O'Leary and therefore no response is required.

14. The Defendant admits the first sentence of Paragraph 14. The Defendant denies the second sentence in so far as it contains allegations of fact and not legal conclusions.

## Constitutional Provisions

15. Paragraph 15 states a legal conclusion to which no response is required. Further answering, the Second Amendment speaks for itself.

16. Paragraph 16 states a legal conclusion to which no response is required. Further answering, the *Heller* case speaks for itself.

17. Paragraph 17 states a legal conclusion to which no response is required.

18. Paragraph 18 states a legal conclusion to which no response is required. Further answering, the Second Amendment and the *McDonald* case speak for themselves.

19. Paragraph 19 states a legal conclusion to which no response is required.

20. Paragraph 20 states a legal conclusion to which no response is required. Further answering, the Equal Protection Clause and the *Clark* case speak for themselves.

### Massachusetts Handgun Licensing Laws

21. Paragraph 21 states a legal conclusion to which no response is required. Further answering G.L. c. 140 speaks for itself.

22. Paragraph 22 states a legal conclusion to which no response is required. Further answering G.L. c. 140 speaks for itself.

23. Paragraph 23 states a legal conclusion to which no response is required. Further answering G.L. c. 140 speaks for itself.

24. Paragraph 24 states a legal conclusion to which no response is required. Further answering G.L. c. 140 and the *Ruggiero* case speak for themselves.

25. Defendant O'Leary lacks information sufficient to either admit or deny Paragraph 25 to the extent Paragraph 25 contains allegations of fact.

26. Defendant O'Leary lacks information sufficient to either admit or deny Paragraph 26 to the

extent Paragraph 26 contains allegations of fact. Further answering G.L. c.140 speaks for itself.

**Defendants' Application of the Statute against the Plaintiffs**

**Commissioner Evans and the Boston Police Department – Danny Weng**

27. Paragraph 27 does not apply to the Defendant O'Leary, but to Commissioner Evans and the Boston Police Department.

28. Paragraph 28 does not apply to the Defendant O'Leary, but to Commissioner Evans and the Boston Police Department.

29. Paragraph 29 does not apply to the Defendant O'Leary, but to Commissioner Evans and the Boston Police Department.

30. Paragraph 30 does not apply to the Defendant O'Leary, but to Commissioner Evans and the Boston Police Department.

31. Paragraph 31 does not apply to the Defendant O'Leary, but to Commissioner Evans and the Boston Police Department.

**Commissioner Evans and the Boston Police Department – Christopher Hart**

32. Paragraph 32 does not apply to the Defendant O'Leary, but to Commissioner Evans and the Boston Police Department.

33. Paragraph 33 does not apply to the Defendant O'Leary, but to Commissioner Evans and the Boston Police Department.

34. Paragraph 34 does not apply to the Defendant O'Leary, but to Commissioner Evans and the

Boston Police Department.

35. Paragraph 35 does not apply to the Defendant O'Leary, but to Commissioner Evans and the Boston Police Department.

36. Paragraph 36 does not apply to the Defendant O'Leary, but to Commissioner Evans and the Boston Police Department.

**Commissioner Evans and the Boston Police Department – Markus Vallaster**

37. Paragraph 37 does not apply to the Defendant O'Leary, but to Commissioner Evans and the Boston Police Department.

38. Paragraph 38 does not apply to the Defendant O'Leary, but to Commissioner Evans and the Boston Police Department.

39. Paragraph 39 does not apply to the Defendant O'Leary, but to Commissioner Evans and the Boston Police Department.

40. Paragraph 40 does not apply to the Defendant O'Leary, but to Commissioner Evans and the Boston Police Department.

41. Paragraph 41 does not apply to the Defendant O'Leary, but to Commissioner Evans and the Boston Police Department.

42. Paragraph 42 does not apply to the Defendant O'Leary, but to Commissioner Evans and the Boston Police Department.

43. Paragraph 43 does not apply to the Defendant O'Leary, but to Commissioner Evans and the Boston Police Department.

**Commissioner Evans and the Boston Police Department – Sarah Zesch**

44. Paragraph 44 does not apply to the Defendant O'Leary, but to Commissioner Evans and the Boston Police Department.

45. Paragraph 45 does not apply to the Defendant O'Leary, but to Commissioner Evans and the Boston Police Department.

46. Paragraph 46 does not apply to the Defendant O'Leary, but to Commissioner Evans and the Boston Police Department.

47. Paragraph 47 does not apply to the Defendant O'Leary, but to Commissioner Evans and the Boston Police Department.

**Commissioner Evans and the Boston Police Department – John Stanton**

48. Paragraph 48 does not apply to the Defendant O'Leary, but to Commissioner Evans and the Boston Police Department.

49. Paragraph 49 does not apply to the Defendant O'Leary, but to Commissioner Evans and the Boston Police Department.

50. Paragraph 50 does not apply to the Defendant O'Leary, but to Commissioner Evans and the Boston Police Department.

51. Paragraph 51 does not apply to the Defendant O'Leary, but to Commissioner Evans and the

Boston Police Department.

**Chief O'Leary and the Brookline Police Department – Michael Gould**

52. Defendant O'Leary admits the allegations in the first two sentences. By way of further explanation, the Weymouth LTC was subject to "Employment," "Hunting" and "Target" restrictions, which are more restrictive than the "Sporting" and "Employment" restrictions in the Brookline LTC. As for the allegations in the third sentence, Defendant O'Leary admits that this information was presented by Plaintiff Gould in his LTC application and that Defendant O'Leary relied on this and other information in issuing the LTC. However, because Defendant O'Leary has no direct knowledge of the facts alleged in the third sentence, he can neither admit nor deny them.

53. Defendant O'Leary denies the allegations in the first sentence. Defendant O'Leary admits the allegations in second sentence. By way of further explanation, Plaintiff Gould met all applicable requirements for the issuance of an LTC with "Employment" and "Sporting" restrictions. The allegations in the third sentence are a characterization of Plaintiff Gould's application documents, which speak for themselves.

54. Defendant O'Leary admits the allegations in the first sentence. Defendant O'Leary denies the allegations in the second sentence.

55. Defendant O'Leary admits that he sent Plaintiff Gould a letter in October 2014. The remaining allegations set forth in Paragraph 55 are characterizations of written correspondence, which speak for themselves.

56. Defendant O'Leary admits the allegations in Paragraph 56.

## Injury to the Plaintiffs

57. Paragraph 57 is denied to the extent it contains allegations of fact requiring an answer and not conclusions of law.

58. Defendant O'Leary lacks sufficient information to either admit or deny Paragraph 58.

59. Defendant O'Leary lacks sufficient information to either admit or deny Paragraph 59.

60. Defendant O'Leary lacks sufficient information to either admit or deny Paragraph 60.

61. Defendant O'Leary denies the allegations of Paragraph 61 to the extent it contains allegations of fact and not conclusions of law.

## Count I

62. Paragraph 62 states a legal conclusion to which no response is required. Further answering G.L. c.140 speaks for itself.

63. Paragraph 63 is denied.

64. Paragraph 64 is denied.

65. Paragraph 65 is denied.

## Count II

66. Paragraph 69 states a legal conclusion to which no response is required. Further answering G.L. c. 140 speaks for itself.

67. Paragraph 67 is denied.

68. Paragraph 68 is denied.

**<u>Affirmative Defenses</u>**

1. Insofar as Defendant O'Leary is concerned, Plaintiff Gould has failed to exhaust his administrative and judicial remedies pursuant to M.G.L. c. 140, §131.

2. Plaintiffs' Amended Complaint fails to state a claim upon which relief can be granted.

3. Plaintiffs Comm2A and Gould lack standing or cognizable injury.

4. Plaintiffs' Complaint should be dismissed for its failure to join a necessary party.

5. The Defendant O'Leary's actions were at all times justified and taken in good faith consistent with the laws of the Commonwealth of Massachusetts.

6. The Second Amendment to the United States Constitution does not entitle the Plaintiffs to an unrestricted license to carry firearms.

7. Plaintiff Gould's claims are without merit because the statutory scheme under M.G.L. c. 140, §131, did not and does not violate any of the Plaintiff's constitutional rights.

8. Plaintiff Gould has not suffered any actual deprivation of any rights secured by the federal or state constitutions or statutes.

9. Plaintiff Gould's claims fail to identify specific instances where similarly situated persons

within the Town of Brookline were treated more favorably or even differently than Mr. Gould by the Defendant O'Leary.

10. Plaintiff Gould has failed to mitigate his damages.

## Jury Demand

Defendant O'Leary demands a trial by jury on all counts so triable.

<div style="margin-left: 50%;">

Defendant Daniel C. O'Leary
By his attorney,

/s/ John J. Buchheit

John J. Buchheit, Esq.
Office of Town Counsel
333 Washington Street, 6th Floor
Brookline, MA 02445
jbuchheit@brooklinema.gov
617-730-2190
BBO # 634717

</div>

June 30, 2016

## Certificate of Service

I hereby certify that this document was filed through the Electronic Case Filing (ECF) system and thus copies will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF); paper copies will be sent to those, if any, indicated on the NEF as non-registered participants on or before June 30, 2016

<div style="margin-left: 50%;">

/s/ John J. Buchheit
`

John J. Buchheit

</div>