UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 1:16-cv-10181-FDS

DANNY WENG, CHRISTOPHER HART, MARKUS VALLASTER, SARAH ZESCH, JOHN STANTON, MICHAEL GOULD, and COMMONWEALTH SECOND AMENDMENT, INC.,

Plaintiffs,

v.

WILLIAM B. EVANS, in his Official Capacity as Commissioner of the Boston Police Department, and DANIEL C. O'LEARY, in his Official Capacity as Chief of the Brookline Police Department,

Defendants.

## PROTECTIVE ORDER

1. With respect to all documents produced[1] through discovery, the party producing such documents may identify such documents as being Confidential Information as defined in this Order. Documents containing such Confidential Information shall be clearly marked "CONFIDENTIAL."[2] Any party may challenge any other party's designation of a document as Confidential Information upon motion to the Court. Until the Court rules on such motion, the party challenging the designation shall treat the designated document as Confidential Information as provided in this Protective Order.

---

[1] By agreement with Plaintiffs and pursuant to 803 Code Mass. Regs 2.14, Defendants are permitted to produce to all parties in discovery CORI and personal information that is personal to individual Plaintiffs.

[2] A party identifying a group of documents as Confidential Information need not mark each page within the group, but may instead make a collective designation by: (1) marking the initial page, including reference to the total number of pages to be identified thereby as Confidential Information; and, (2) describing the group of documents so identified. A party may also designate portions of documents as Confidential Information by producing such documents with redactions.

2.     For the purposes of this case, Confidential Information shall consist, regardless of designation, of the following records and other types of information, but shall not include information or portions of such records that are available to or readily determinable from other sources available to the public:

   (i)    Criminal Offender Record Information ("CORI"), as defined in Mass. Gen. Laws c. 6, § 167;

   (ii)   names and addresses contained in or referred to in applications for licenses to carry firearms and/or firearms identification cards, as provided in Mass. Gen. Laws c. 4, § 7(26th)(j);

   (iii)  records divulging or tending to divulge the names, addresses, or e-mail addresses of persons who own or possess firearms, rifles, shotguns, machine guns, or ammunition, as provided in Mass. Gen. Laws c. 66, § 10(d) and Mass. Gen. Laws c. 140, §§ 129B(9), 131(*l*);

   (iv)   any reproduction of Massachusetts Instant Record Check System ("MIRCS") records or portions thereof divulging or tending to divulge the names, addresses, or e-mail addresses of persons who own or possess firearms, rifles, shotguns, machine guns, or ammunition, as provided in 803 Code Mass. Regs 10.10, Mass. Gen. Laws c. 66, § 10(d), and Mass. Gen. Laws c. 140, §§ 129B(9), 131(*l*);

   (v)    social security numbers, names of minor children, dates of birth, and financial account numbers, as provided in Fed. R. Civ. P. 5.2 and Local Rule 5.3; and

   (vi)   other personal information which is unlikely to be pertinent to any matter before the Court, but which could facilitate identity theft or fraud if publicly disclosed, nonexclusive examples of which include driver's license numbers, mothers' maiden names, and residential or cellular telephone numbers.

3.     Notwithstanding the foregoing, the plaintiffs consent to disclosure of the following specific matters, which shall not be deemed to be Confidential Information:

   (i)    that each individual named plaintiff has applied for and obtained one or more licenses to carry firearms and/or firearms identification cards; and

      (ii)      that reviews of CORI and other criminal history records conducted in conjunction with these applications did not disclose any issues pertinent to licensure.

4.      The parties and their attorneys shall use Confidential Information only for purposes of this litigation or any appeal thereof, and for no other purposes, and shall not publicly file such Confidential Information unless ordered by the Court, and shall not disclose such Confidential Information except to the following described groups of persons:

      (i)      The Court in camera or under seal (to the extent allowed by the Court);

      (ii)      Attorneys of record for the parties, including all co-counsel for the Plaintiffs and Defendants, their investigators, consultants, independent contractors, witnesses, and employees directly assisting said attorneys of record and the parties; or

      (iii)      Experts for the parties, provided the attorney of record first informs each expert that such Confidential Information to be disclosed is confidential, is to be held in confidence, and is to be used solely for the purpose of preparing for and presenting evidence in this litigation or any appeal thereof, and further, that these restrictions are imposed by a court order.

5.      Each of the persons referred to in Paragraph 4(ii) to whom such Confidential Information is to be disclosed shall, prior to the disclosure, be informed of this Protective Order, and his or her obligation under this Order, and he or she shall agree to be bound by the terms of this Order.

6.      Each of the experts referred to in Paragraph 4(iii) to whom such Confidential Information is to be disclosed shall, prior to the disclosure, be informed of this Protective Order, and his or her obligation under this Order, and he or she shall agree to be bound by the terms of the Order.

7.      The attorneys for the parties, their investigators, consultants, independent contractors, and their employees and experts may make copies of the Confidential Information as needed in the litigation of this case or any appeal thereof.

8. Confidential Information may be exhibited to deposition witnesses during their depositions and they may be questioned with respect to such Confidential Information during depositions; provided that, to the extent that the testimony given in any deposition, transcript, or exhibit contains any Confidential Information, the material portions of this testimony, transcript, and/or exhibit shall be treated in the same manner as the Confidential Information itself and shall be subject to the restrictions on disclosure set forth in Paragraph 4 through 7.

9. Subject to the applicable rules of evidence, the Confidential Information covered by this Protective Order shall be available for use at trial or in any appeal by any party. Any party seeking to submit any document to the Court that contains Confidential Information shall redact the Confidential Information to the greatest extent possible. The parties agree to provide each other, on request, with reasonable assurances that redactions are adequate or that they are not necessary. Should a party be unable to redact Confidential Information from a document adequately, or should a party wish to make substantive use of Confidential Information in motion practice, this party must move the Court for permission to file said Confidential Information under seal.

10. The parties and their counsel specifically agree that any claim of privilege, confidentiality, or admissibility into evidence is not waived or otherwise compromised by this Protective Order.

11. Upon final termination of the above-entitled action whether by verdict, settlement, dismissal, or other disposition, the provisions hereof relating to the Confidential Information shall continue to be binding upon all attorneys of record, their employees, deposition witnesses, experts, and others, including stenographers, unless the document becomes part of the public record at trial. Further, upon final termination of the above-entitled action, the original Confidential Information, including those portions of the deposition transcripts and deposition exhibits containing the Confidential Information and also including any and all copies made of the original Confidential Information, shall be returned to the producing party upon their request within sixty (60) days.

12. This Order may be modified by further order of this Court upon application to the Court with notice.

It is SO ORDERED this _____ day of _____, 2016.

_____
HON. F. DENNIS SAYLOR IV
UNITED STATES DISTRICT JUDGE