**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

**CIVIL ACTION NO. 1:16-cv-10181-FDS**

| |
|---|
| **DANNY WENG, CHRISTOPHER HART, MARKUS VALLASTER, SARAH ZESCH, JOHN STANTON, MICHAEL GOULD, and COMMONWEALTH SECOND AMENDMENT, INC.,** <br><br>      **Plaintiffs,** <br><br>**v.** <br><br>**WILLIAM B. EVANS, in his Official Capacity as Commissioner of the Boston Police Department, and DANIEL C. O'LEARY, in his Official Capacity as Chief of the Brookline Police Department,** <br><br>      **Defendants.** |

### DEFENDANT WILLIAM B. EVANS' MOTION TO STAY DISCOVERY PENDING RESOLUTION OF MOTION FOR JUDGMENT ON THE PLEADINGS

**I.  INTRODUCTION**

Defendant William B. Evans ("Commissioner Evans") hereby moves[1] this Honorable Court pursuant to Fed. R. Civ. P. 26(c) to stay discovery pending the Court's resolution of Commissioner Evans' Motion for Judgment on the Pleadings, filed on January 27, 2017 (the "Motion for Judgment on the Pleadings"). ECF Nos. 27-28. As reasons therefor, Commissioner Evans submits that the instant case is one in which the legal issues predominate, and further, that allowance of his Motion for Judgment on the Pleadings would resolve all claims against him, precluding the need for further discovery.

---

[1] Counsel for Defendant Chief Daniel C. O'Leary ("Chief O'Leary") assents to the relief requested in the instant motion.

**II.     ARGUMENT**

The Court should stay discovery in the instant case pursuant to Fed. R. Civ. P. 26(c) because the instant case is one in which the legal issues predominate and because Commissioner Evans' Motion for Judgment on the Pleadings is a dispositive motion which, if allowed, would resolve all claims against him, precluding the need for further discovery.  Fed. R. Civ. P. 26(c)(1)(B) provides that the Court "may, for good cause, issue an order to protect a party or person from . . . undue burden or expense" by setting the time period for discovery. Furthermore, Fed. R. Civ. P. 1 provides that the Federal Rules of Civil Procedure should be administered by the court "to secure the just, speedy, and inexpensive determination of every action and proceeding."

The Court has "broad discretion" in shaping the parameters and timing of pretrial discovery. Aponte-Torres v. Univ. of P.R., 445 F.3d 50, 59 (1st Cir. 2006); Dynamic Image Techs., Inc. v. United States, 221 F.3d 34, 38 (1st Cir. 2000).  Federal courts also "possess the inherent power to stay proceedings for prudential reasons." Dicenzo v. Mass. Dep't of Corr., No. 3:15-cv-30152-MGM, at *1 (D. Mass. Jan. 13, 2016) (quoting Microfinancial, Inc. v. Premier Holidays Int'l, Inc., 385 F.3d 72, 77 (1st Cir. 2004)).  Moreover, where the discovery process has already begun, "it is well within the district court's province . . . to stay further discovery pending the determination of a dispositive motion."  See Aponte-Torres, 445 F.3d at 59.  As the First Circuit has observed, "discovery is an expensive and burdensome process, and at every stage is subject to control as a matter of sound judicial judgment." E. Food Servs., Inc. v. Pontifical Catholic Univ. Servs. Ass'n, 357 F.3d 1, 9 (1st Cir. 2004).  In Aponte-Torres, the First Circuit upheld a stay of further discovery pending the consideration and resolution of a Motion for Judgment on the Pleadings pursuant to Fed. R. Civ. P. 12(c).  445 F.3d at 54, 58-59.

In the instant case, the discovery process has already commenced. A scheduling conference was held on November 3, 2016, ECF No. 22, and consistent with Fed. R. Civ. P. 26(a)(1)(A), Local Rule 26.2(a), and the Court's Scheduling Order, ECF No. 23, the parties have exchanged initial disclosures. The parties have also exchanged requests for written discovery in compliance with the Court's Scheduling Order. ECF No. 23.

Simply put, the Court should stay further discovery in this case because, as the Court accurately observed at the November 3 conference, this is a case where the legal issues predominate. Commissioner Evans submits that this is good cause for staying discovery, as further factual evidence will not bear upon the Court's resolution of the legal issues presented in the pleadings. See Fed. R. Civ. P. 26(c); Aponte-Torres, 445 F.3d at 59; Kleinerman v. United States Postal Serv., 100 F.R.D. 66, 68 (D. Mass. 1983) ("[I]t is appropriate to defer discovery until preliminary questions that may dispose of the case are determined."). Commissioner Evans' Motion for Judgment on the Pleadings moves the Court for dispositive resolution of these legal issues, and allowance of Commissioner Evans' Motion for Judgment on the Pleadings would resolve all claims against him, precluding the need for further discovery.

Furthermore, there is no prejudice to Plaintiffs posed by a relatively brief delay in the discovery process, particularly when that relatively brief delay is weighed against the burden of proceeding with discovery that may ultimately prove unnecessary. See Dicenzo, 2016 WL 158505, at *2. Given these circumstances, Commissioner Evans now moves the Court to exercise its discretion by preventing the burden of further discovery while his Motion for Judgment on the Pleadings is pending.

### III.     CONCLUSION

Therefore, for all the foregoing reasons, Commissioner Evans requests that the Court stay discovery in the instant case pending its resolution of Commissioner Evans' Motion for Judgment on the Pleadings.

Dated:  January 30, 2017                                    Respectfully submitted,

                                                                                WILLIAM B. EVANS,
                                                                                in his official capacity as Commissioner of the
                                                                                Boston Police Department,

                                                                                By his attorneys:

                                                                                Eugene L. O'Flaherty,
                                                                                Corporation Counsel


                                                                                /s/ Matthew M. McGarry
                                                                                Matthew M. McGarry (BBO# 678363)
                                                                                Assistant Corporation Counsel
                                                                                City of Boston Law Department
                                                                                Room 615, City Hall
                                                                                Boston, MA 02201
                                                                                (617) 635-4042
                                                                                matthew.mcgarry@boston.gov

                                                                                Peter M. Geraghty (BBO #664197)
                                                                                Special Assistant Corporation Counsel
                                                                                Boston Police Department
                                                                                Office of the Legal Advisor
                                                                                One Schroeder Plaza
                                                                                Boston, MA 02120
                                                                                (617) 343-4550
                                                                                peter.geraghty@pd.boston.gov

**CERTIFICATE OF SERVICE**

   I hereby certify that on January 30, 2017, I served a true copy of the above document upon the attorneys of record for the parties through the Court's CM/ECF system and that paper copies will be sent to any parties identified as non-registered participants.

/s/ Matthew M. McGarry
Matthew M. McGarry


**RULE 26(c)(1) AND LOCAL RULE 7.1(a)(2) CERTIFICATION**

   I hereby certify that on January 27, 2017, I conferred with Plaintiffs' counsel in accordance with Fed. R. Civ. P. 26(c)(1) and Local Rule 7.1(a)(2) in connection with this motion, but we were unable to resolve these issues.

   I further certify that on January 30, 2017, I conferred with counsel for Defendant Chief O'Leary in accordance with Fed. R. Civ. P. 26(c)(1) and Local Rule 7.1(a)(2) in connection with this motion. Counsel for Defendant Chief O'Leary assented to the relief requested herein.

/s/ Matthew M. McGarry
Matthew M. McGarry