UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DANNY WENG; CHRISTOPHER HART; MARKUS VALLASTER; SARAH ZESCH; JOHN STANTON; MICHAEL GOULD; and COMMONWEALTH SECOND AMENDMENT, INC., <br><br> Plaintiffs, <br><br> -against- <br><br> WILLIAM B. EVANS, in his Official Capacity as Commissioner of the Boston Police Department; and DANIEL C. O'LEARY, in his Official Capacity as Chief of the Brookline Police Department, <br><br> Defendants. | CIVIL ACTION NO. 1:16-cv-10181-FDS |

**PLAINTIFFS' OPPOSITION TO DEFENDANT
EVANS' MOTION TO STAY DISCOVERY**

A stay of discovery would be manifestly improvident because it would necessarily require abandoning the Scheduling Order and would ultimately serve only to cause unnecessary delay, burden, and expense. Defendant has not attempted to show good cause to amend the schedule, and its arguments in support of staying discovery support neither the requested stay, nor a wholesale revision of the schedule.

The Scheduling Order requires the parties to conduct specified forms of fact discovery through April 28, 2017, and it provides that "[d]ispositive motions, such as motions for summary judgment or partial summary judgment and motions for judgment on the pleadings, must be filed by 6/9/2017." Dkt. No. 23 ¶ 8(a). The Court established this schedule at a conference, with all parties present and consenting. Now, over three months later, Defendant Evans seeks to set the Scheduling Order aside by means of an indefinite stay of fact discovery. And, in support of this

extraordinary request, Defendant cites a development the Scheduling Order expressly contemplates—its recent filing of a motion for judgment on the pleadings.  Plainly, Defendant's proposed stay would injure, rather than enhance, judicial economy.  But the Court need not even reach this issue, as it is also abundantly clear that Defendant has not shown the "good cause" needed to amend the schedule under Federal Rule 16(b)(4) and Local Rule 16.1(g).

**I.      There is no Good Cause to Discard the Scheduling Order**

To amend the Scheduling Order, Defendant must show "good cause supported by affidavits, other evidentiary materials, or references to pertinent portions of the record."  LR 16.1(g); see also Fed. R. Civ. P. 16(b)(4).  Defendant did not attempt to make this showing—and even were this deficiency of form set aside, Defendant still would not meet the substance of the rule.  The substance is a demonstration of a circumstances that, notwithstanding the movant's diligence, now make it necessary to revise the schedule.  See, e.g., Slawson Exploration Co. v. Arch Specialty Ins. Co., no. 15-cv-01131, 2015 U.S. Dist. LEXIS 153292, *5-6 (D. Colo. Nov. 12, 2015) (motion to stay discovery required demonstration of good cause to modify scheduling order); City of Joliet v. Mid-City Nat'l Bank of Chicago, no. 05 C 6746, 2012 U.S. Dist. LEXIS 89940, *25-26 (N.D. Ill. Jun. 28, 2012) (same).  Indeed, Defendant's acquiescence to the adoption of the Scheduling Order ought to estop it from now contending that discovery should be stayed, contrary to the Scheduling Order, particularly where it has failed to provide any explanation for this different approach.  See Lugo v. Alvarado, 819 F.2d 5, 6-7 (1st Cir. 1987).

Nothing material has changed.  Defendant's motion for judgment on the pleadings, while somewhat unexpected at the present time, is not a development outside the Scheduling Order, as the schedule expressly contemplates the filing of dispositive motions "by" June 9, 2017.  Moreover, Defendant's arguments in this motion, setting their merits aside, do not rely on any new development of fact or law.  Rather, Defendant's motion places primary reliance on the First

Circuit's decision in <u>Hightower v. City of Boston</u>, 693 F.3d 61 (1st Cir. 2012), which came down more than four years before the Court put the Scheduling Order in place. And Defendant's other arguments—that Plaintiffs' claims "are not ripe because Plaintiffs do not allege that they have exhausted their remedies" (p. 5), and that Plaintiffs have failed to state equal protection and due process claims—likewise do not rely on any recent legal or factual developments. Defendant provides no explanation of why it would now make sense to depart from the decision already made to not delay the development of a factual record in discovery.

"For Rule 16(b) to operate effectively, litigants cannot be permitted to treat a scheduling order as a frivolous piece of paper idly entered, which can be cavalierly disregarded without peril." <u>O'Connell v. Hyatt Hotels of P.R.</u>, 357 F.3d 152, 155 (1st Cir. 2004) (citation and internal quotation marks omitted). "[T]he diligence of the party seeking the amendment" is "the dominant criterion," but "[p]rejudice to the opposing party remains relevant." <u>Id.</u>; <u>see also</u> <u>Somascan, Inc. v. Philips Med. Sys. Nederland, B.V.</u>, 714 F.3d 62, 64 (1st Cir. 2013). But significantly, a party's "indifference" to its obligation to act diligently "seal[s] off this avenue of relief." <u>Rosario-Diaz v. Gonzalez</u>, 140 F.3d 312, 315 (1st Cir. 1998) (citation omitted); <u>accord</u> <u>O'Connell</u>, 357 F.3d at 155. Defendant has done nothing to demonstrate its diligence in failing to propose a bifurcated case management plan back in November. And any claim to have developed a new "understanding" of the nature of the claims is certainly not "a changed circumstance justifying modification of the Scheduling Order." <u>See</u> <u>City of Joliet</u>, 2012 U.S. Dist. LEXIS 89940 at *25-28 (legal basis for asserted claims already existed).

## II. A Stay of Discovery Would be Manifestly Inappropriate

Even were this set aside, the reality is that Defendant comes nowhere close to meeting the "stiff" burden needed to justify the extraordinary act of staying discovery. <u>See</u> <u>In re Lotus Dev. Corp. Sec. Litig.</u>, 875 F. Supp. 48, 51 (D. Mass. 1995). After all, it would "undermine the spirit"

of the federal discovery rules "to make a stay more readily obtainable simply because there is a colorable motion to dismiss." Id. at 51. "[U]nless the motion raises an issue such as immunity from suit, which would be substantially vitiated absent a stay, or unless it is patent that the case lacks merit and will almost certainly be dismissed, a stay should not ordinarily be granted to a party who has filed a garden-variety Rule 12(b)(6) motion." Williams v. New Day Farms, LLC, no. 2:10-cv-0394, 2010 U.S. Dist. LEXIS 98934, *5 (S.D. Ohio Sept. 7, 2010); see also In re Lotus, 875 F. Supp. at 53 ("the complaint is not so clearly deficient as to justify a stay . . .").

While Defendant claims (p. 2) that a stay is appropriate because his motion for judgment on the pleadings *could* resolve all of the claims against him, "[t]here are powerful policy considerations why discovery should not be halted" when a motion to dismiss is in fact unlikely to dispose of all claims in the action. See Lugo, 819 F.2d at 7. In this situation, a stay "only delays the case unnecessarily, because sooner or later the parties will have the right to engage in discovery as to the [remaining] claims[.]" Id. Hence, "a stay of discovery pending determination of a motion to dismiss 'is *rarely* appropriate when the pending motion will not dispose of the entire case.'" Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth., 201 F.R.D. 1, 3 (D.D.C. 2001) (quoting Keystone Coke Co. v. Pasquale, no. 97-6074, 1999 U.S. Dist. LEXIS 170, *3 (E.D. Penn. Jan. 7, 1999)) (emphasis added).

### a. Defendant's Motion Will Not Dispose of the Entire Case

Defendant's motion for judgment on the pleadings raises four grounds: (1) that all of the Plaintiffs' claims "are not ripe because Plaintiffs do not allege that they have exhausted their remedies," pp. 5-6; (2) that the Plaintiffs fail to state a Second Amendment claim, pp. 6-12; (3) that the Plaintiffs fail to state an equal protection claim, pp. 12-14; and (4) that the Plaintiffs fail to state a procedural due process claim, pp. 14-15. While Plaintiffs will respond to the merits of this motion separately, what is significant here is that this Court has *already* rejected the core of

these grounds—meaning that there is no realistic possibility that Defendant's motion will dispose of all claims, and that a stay is manifestly inappropriate.

In the related matter <u>Davis v. Grimes</u>, the defendants moved for summary judgment on two grounds that are pertinent here: that the issuance of a license to carry subject to a "Target & Hunting" restriction was not a "tangible" constitutional injury; and that, even if it was, the defendants' restriction practices were constitutional as a matter of law. <u>See</u> Defendants' Memorandum (Dkt. No. 31) pp. 8-14 in <u>Davis v. Grimes</u>, no. 1:13-cv-10246 (D. Mass.). The Court denied this motion, ruling that it was unclear whether Massachusetts law authorized Defendants' "categorical" practices—and that even it Massachusetts law did, "some additional fact-finding may be required." Memorandum and Order (Dkt. No. 71) p. 3 in <u>Davis v. Grimes</u>, no. 1:13-cv-10246 (D. Mass.). The Court ultimately found there was "a genuine dispute of material fact as to the exact nature of the Weymouth licensing policy" and that a hearing or trial would be necessary. Memorandum and Order (Dkt. No. 103) p. 4 in <u>Davis v. Grimes</u>, no. 1:13-cv-10246 (D. Mass.). Suffice it to say that if factual issues remained after the parties had completed discovery and submitted fully briefed summary judgment motions, then the substantive issue is plainly not one that is capable of resolution in the complete absence of any factual record, by means of a motion for judgment on the pleadings.

A comparison with one of the decisions Defendant relies upon shows precisely why a stay would not be appropriate here. In <u>Dynamic-Image Technologies, Inc. v. United States</u>, 221 F.3d 34 (1st Cir. 2000), the defendant's motion concerned subject matter jurisdiction, and significantly, the plaintiffs had not opposed the defendant's motion for a stay of discovery. <u>See</u> <u>id.</u> at 38. In affirming the stay, the Third Circuit explained that when "a defendant challenges a court's jurisdiction, the court has broad discretion to defer pretrial discovery if the record

indicates that discovery is unnecessary (or, at least, is unlikely to be useful) in regard to establishing the essential jurisdictional facts." Id.  Here, however, Defendant's motion does not raise a threshold jurisdictional issue, and prior litigation has already established that discovery will indeed be necessary to resolve this matter on its merits.  Thus, the key justifications that were present in Dynamic-Image are pointedly absent.

### b. There is No Other Justification for a Stay

The other authorities that Defendant relies upon are readily and properly distinguished, as they concern substantially different circumstances.  In Apponte-Torres v. University of Puerto Rico, 445 F.3d 50 (1st Cir. 2006), the parties had already "had an adequate opportunity to conduct discovery," and no less significant, there was no "particularized need" for further discovery.  See id. at 59.  In the present case, in contrast, discovery has only just begun, and there is indeed a need for further discovery.  In Dicenzo v. Massachusetts Department of Corrections, no. 3:15-cv-30152, 2016 U.S. Dist. LEXIS 4166 (D. Mass. Jan. 13, 2016), the government had filed a fully dispositive (and meritorious) motion to dismiss a prisoner's pro se action, and the prisoner had demanded depositions from "approximately twenty" government officials.  See id. at *5. Notably, all of the parties had filed competing dispositive motions before the court entered a stay.  See id. at *3.  Finally, in Kleinerman v. United States Postal Service, 100 F.R.D. 66 (D. Mass. 1983), the court denied a stay of discovery because, even though a jurisdictional motion could justify a stay in appropriate circumstances, the "defendants ha[d] completely failed to support their jurisdictional attack." Id. at 68.  None of these cases are analogous to the case at bar, and none support Defendant's motion for a stay.

### III.   Considerations of Efficiency and Prejudice Counsel Against—Not For—a Stay

"[S]ecur[ing] the just, speedy, and inexpensive determination of every action and proceeding" is, quite literally, the first rule of federal civil procedure.  See Fed. R. Civ. P. 1.

Defendant's proposed stay would do just the opposite—it would result in unnecessary delay, burden, and expense. Indeed, "discovery stays are typically disfavored because they 'may interfere with judicial efficiency and cause unnecessary litigation in the future.'" Raymond v. Sloan, no. 1:13-423, 2014 U.S. Dist. LEXIS 119105, *17-18 (D. Idaho Aug. 25, 2014) (quoting Qwest Commc'ns Corp. v. Herakles, LLC, no. 2:07-cv-00393, 2007 U.S. Dist. LEXIS 57757, *5 (E.D. Cal. Aug. 8, 2007)). And these considerations are that much more pronounced here, as the issue here is the denial of fundamental rights, a harm that "is properly regarded as irreparable and having no adequate remedy at law." Ezell v. Chicago, 651 F.3d 684, 700 (7th Cir. 2011).

### a. Delay

The near certain outcome of Defendant's motion is a decision denying the motion—and if discovery against Defendant Evans has been stayed, this will necessitate reserving an additional block of time to complete this discovery. This will, of necessity, set the schedule back by whatever period of time it takes the Court to decide Defendant's motion and then establish a new schedule. But the delay could actually be worse. The decision to delay discovery may "very well necessitate further delays in the ultimate resolution of the case," meaning that the interest of "judicial efficiency" outweighs the possibility that some costs might be saved. See Rigby v. Damant, 486 F. Supp. 2d 222, 226 (D. Mass. 2007).

And while the concern of timeliness might be somewhat less pronounced in a different case, here there is a not insubstantial possibility that the Court will find questions of fact as to Defendant's (apparently) unwritten policy, as it did in Davis v. Grimes. This means that the Court should maintain a schedule that will allow a reasonable period of time for a trial or evidentiary hearing, post-hearing submissions, and the rendition of a final decision. Plaintiffs filed this action on February 4, 2016, and as the Court knows, the Civil Justice Reform Act sets an expectation of resolution within three years. See 28 U.S.C. § 476(a)(3).

Thus, Defendant is dead wrong to argue (p. 3) that the proposed stay is not prejudicial because the issue is one of "relatively brief delay . . . weighed against the burden of proceeding with discovery that may ultimately prove unnecessary." The delay would be substantially prejudicial, to both the parties and the Court, and there is no benefit to counterbalance it.

### b. Burden & Expense

Defendant's proposed stay would also cause unnecessary burden and expense because Plaintiffs and Defendant O'Leary would both be forced to participate in two periods of discovery. Just as it would unnecessarily prolong this matter, Defendant's proposed stay would also increase the burdens and expenses. See In re Lernout & Hauspie Sec. Litig., 214 F. Supp. 2d 100, 106 (D. Mass. 2002) (noting the interest in controlling discovery "so as to avoid significant duplication of discovery requests"). All parties achieve efficiencies of scale by completing discovery in a shorter period of time. Nothing indicates that "a discovery stay will save time and expense; on the contrary, it appears that a discovery stay will simply prolong these proceedings[.]" Raymond, 2014 U.S. Dist. LEXIS 119105 at *18.

### IV.   Conclusion

Defendant has not shown good cause to abandon the schedule to which it previously assented, in form or in substance, and even if Defendant had, it is abundantly clear that a stay of discovery would serve only to *increase* the time, burden, and expense of resolving this matter. The First Circuit has recognized that "discovery is an expensive and burdensome process, and at every stage is subject to control as a matter of sound judicial judgment." E. Food Servs., Inc. v. Pontifical Catholic Univ. Servs. Ass'n, 357 F.3d 1, 9 (1st Cir. 2004). Here, considerations of sound judicial judgment mandate denial of Defendant's motion.

Dated: February 13, 2017

        Respectfully submitted,

        **DAVID JENSEN PLLC**

By: _____
    David D. Jensen, Esq.
111 John Street, Suite 420
New York, New York 10038
Tel: 212.380.6615
Fax: 917.591.1318
david@djensenpllc.com

Patrick M. Groulx, Esq.
BBO No. 673394
Grolman, LLP
321 Columbus Avenue
Boston, Massachusetts 02116
Tel: 617.859.8966
Fax: 617.859.8903
patrick@grolmanllp.com

### CERTIFICATE OF SERVICE

I hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on February 13, 2017.

        /s/ David D. Jensen
        David D. Jensen, Esq.