UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 1:16-cv-10181-FDS

DANNY WENG, CHRISTOPHER HART, MARKUS VALLASTER, SARAH ZESCH, JOHN STANTON, MICHAEL GOULD, and COMMONWEALTH SECOND AMENDMENT, INC.,

Plaintiffs,

v.

WILLIAM B. EVANS, in his Official Capacity as Commissioner of the Boston Police Department, and DANIEL C. O'LEARY, in his Official Capacity as Chief of the Brookline Police Department,

Defendants.

LEAVE TO FILE GRANTED PURSUANT TO NOV. 7, 2016 SCHEDULING ORDER [ECF NO. 23]

## DEFENDANT WILLIAM B. EVANS' REPLY TO PLAINTIFFS' OPPOSITION TO MOTION TO STAY DISCOVERY

Defendant William B. Evans ("Commissioner Evans") hereby replies to Plaintiffs' Opposition to Defendant Evans' Motion to Stay Discovery, ECF No. 33 ("Plaintiffs' Opposition" or "Plaintiffs' Opp'n"). This reply is intended to address two issues raised in Plaintiffs' Opposition. First, Commissioner Evans' Motion for Judgment on the Pleadings, ECF Nos. 27-28, is likely to succeed on its merits because the relevant case law is plainly contrary to the interpretation of the Second Amendment upon which Plaintiffs' claims depend. Second, Commissioner Evans has demonstrated good cause for staying fact discovery.

Plaintiffs' Opposition argues that Commissioner Evans' Motion for Judgment on the Pleadings is unlikely to succeed, even going so far as to state that "[t]he near certain outcome . . . is a decision denying the motion," but the relevant case law demonstrates otherwise. Plaintiffs'

Opp'n at 4-5, 7.  Briefly, as explained in Commissioner Evans' Motion for Judgment on the Pleadings, Plaintiffs' claims depend upon the theory that the Second Amendment confers a right to an <u>unrestricted</u> Class A license to carry firearms.  E.g., Amd. Compl. at ¶¶ 17, 25-26, 67.  First Circuit and Massachusetts case law plainly holds that the Second Amendment does <u>not</u> confer a right to an unrestricted Class A license to carry.  <u>Hightower v. City of Boston</u>, 693 F.3d 61, 72-73 (1st Cir. 2012); <u>Hightower v. City of Boston</u>, 822 F. Supp. 2d 38, 54 (D. Mass. 2011), <u>aff'd</u>, 693 F.3d 61, 87 (1st Cir. 2012); <u>Morin v. Leahy</u>, 189 F. Supp. 3d 226, 236 (D. Mass. 2016); <u>Chief of Police v. Holden</u>, 470 Mass. 845, 853 (2015).[1]  Therefore, Commissioner Evans' Motion for Judgment on the Pleadings is well-founded and likely to succeed.

Plaintiffs' Opposition also states that Commissioner Evans has not attempted to show good cause for his Motion to Stay.[2]  E.g., Plaintiffs' Opp'n, at 2.  Contrary to Plaintiffs' asseverations, Commissioner Evans has demonstrated good cause by pointing to the pendency of the Motion for Judgment on the Pleadings and the substantial grounds presented therein, which grounds are very briefly described above.  <u>Johnson v. N.Y. Univ. Sch. of Ed.</u>, 205 F.R.D. 433,

---

[1] Plaintiffs point to this Court's rulings in <u>Davis v. Grimes</u> as exemplifying a factual dispute in similar circumstances, but <u>Davis</u> involved rulings on summary judgment motions rather than on a motion for judgment on the pleadings.  <u>Davis v. Grimes</u>, 9 F. Supp. 3d 12, 15 (D. Mass. 2014); <u>Davis v. Grimes</u>, No. 13-cv-10246-FDS, 2015 WL 1383940, at *1 (D. Mass. Mar. 25, 2015).

[2] Commissioner Evans is not asking to extend a deadline in the Scheduling Order, but rather is asking the Court to exercise its inherent authority to stay fact discovery pending the resolution of the dispositive motion.  <u>Dicenzo v. Mass. Dep't of Corr.</u>, No. 3:15-cv-30152-MGM, 2016 WL 158505, at *1 (D. Mass. Jan. 13, 2016).  Nevertheless, Plaintiffs' appear to argue that Commissioner Evans has not complied with Local Rule 16.1(g).  Plaintiffs' Opp'n, at 2.  Even assuming that Local Rule 16.1(g) applies, however, Commissioner Evans has indeed shown good cause by "references to pertinent portions of the record."  D. Mass. Local Rule 16.1(g); Plaintiffs' Opp'n, at 2.  The Motion to Stay makes plain reference to Commissioner Evans' Motion for Judgment on the Pleadings, complete with ECF citations.  Motion to Stay, at 1.  Indeed, Commissioner Evans concedes that the so-referenced Motion for Judgment on the Pleadings and the legal issues presented therein provide the sole basis for the Motion to Stay.  <u>Id.</u> at 1, 3.  Therefore, it is unclear what further citations or affidavits Plaintiffs contemplate.

434 (S.D.N.Y. 2002) (holding that "a stay of discovery is appropriate" and that "good cause" exists where stay is requested "pending resolution of a potentially dispositive motion where the motion appears to have substantial grounds or, stated another way, does not appear to be without foundation in law.") (internal marks and quotations omitted).  Commissioner Evans concedes Plaintiffs' point that a stay should not ordinarily be granted upon the mere filing of a "garden-variety" motion to dismiss.  Plaintiffs' Opp'n, at 4.  Nevertheless, it is readily apparent from the face of Plaintiffs' Amended Complaint that this case is not "garden-variety."  Rather, Plaintiffs' case depends almost entirely on the Court's interpretation of the Second Amendment, an emerging area of jurisprudence in the First Circuit, but nevertheless one where the case law plainly precludes the relief sought by Plaintiffs.  Therefore, due to the predominance of the legal issues in this case, as presented in Commissioner Evans' Motion for Judgment on the Pleadings, and given the pendency of this dispositive motion which has substantial legal support and which may resolve the entirety of the case, there is good cause to stay fact discovery pending its resolution.

For all the foregoing reasons, and for the reasons stated in Commissioner Evans' Motion to Stay Discovery Pending Resolution of Motion for Judgment on the Pleadings, ECF No. 29, Commissioner Evans respectfully requests that the Court stay discovery in the instant case pending its resolution of Commissioner Evans' Motion for Judgment on the Pleadings.  ECF Nos. 27-28.

Dated: February 14, 2017

Respectfully submitted,

WILLIAM B. EVANS,
in his official capacity as Commissioner of the
Boston Police Department,

By his attorneys:

Eugene L. O'Flaherty,
Corporation Counsel


/s/ Matthew M. McGarry
Matthew M. McGarry (BBO# 678363)
Assistant Corporation Counsel
City of Boston Law Department
Room 615, City Hall
Boston, MA 02201
(617) 635-4042
matthew.mcgarry@boston.gov

Peter M. Geraghty (BBO #664197)
Special Assistant Corporation Counsel
Boston Police Department
Office of the Legal Advisor
One Schroeder Plaza
Boston, MA 02120
(617) 343-4550
peter.geraghty@pd.boston.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on February 14, 2017, I served a true copy of the above document upon the attorneys of record for the parties through the Court's CM/ECF system and that paper copies will be sent to any parties identified as non-registered participants.

/s/ Matthew M. McGarry
Matthew M. McGarry