UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DANNY WENG; CHRISTOPHER HART; MARKUS VALLASTER; SARAH ZESCH; JOHN STANTON; MICHAEL GOULD; and COMMONWEALTH SECOND AMENDMENT, INC.,<br><br>      Plaintiffs,<br>   v.<br><br>WILLIAM B. EVANS, in his Official Capacity as Commissioner of the Boston Police Department; and DANIEL C. O'LEARY, in his Official Capacity as Chief of the Brookline Police Department,<br><br>      Defendants. | Civil Action<br>No. 1:16-CV-16-10181-FDS |

## MOTION OF THE COMMONWEALTH OF MASSACHUSETTS TO INTERVENE AS OF RIGHT TO DEFEND THE CONSTITUTIONALITY OF A STATE STATUTE

The Commonwealth of Massachusetts moves pursuant to 28 U.S.C. § 2403(b) and Fed. R. Civ. P. 24(a)(1) to intervene as of right for the limited purpose of defending the constitutionality of Mass. Gen. L. c. 140, § 131, which plaintiffs have drawn into question in the amended complaint.  The Commonwealth seeks to intervene to defend against plaintiffs' claims for declaratory and injunctive relief, and states that in so doing it does not waive its sovereign immunity against suit and liability under the Eleventh Amendment to the United States Constitution.  *Cf. Comfort ex rel. Neumyer v. Lynn School Committee*, 131 F.Supp.2d 253, 254 n.2 (D.Mass. 2001) (Gertner, J.) (Commonwealth's intervention under § 2403(b) for limited purpose of defending constitutional validity and enforceability of state statute did not constitute waiver of sovereign immunity and immunity from suit in federal court).

The Commonwealth has a right to intervene under 28 U.S.C. § 2403(b), which provides in relevant part that:

> In any action, suit, or proceeding in a court of the United States to which a State or any agency, officer, or employee thereof is not a party, wherein the constitutionality of any statute of that State affecting the public interest is drawn in question, the court shall certify such fact to the attorney general of the State, and shall permit the State to intervene for presentation of evidence, if evidence is otherwise admissible in the case, and for argument on the question of constitutionality.

The conditions for intervention under §2403(b) are met here because plaintiff seeks to "draw[] in question" the constitutionality of a Massachusetts state statute, and neither the Commonwealth nor any agency, officer, or employee of the Commonwealth has yet been made a party. The plaintiffs challenge the constitutionality of the application of certain parts of Mass. Gen. Laws c. 140, § 131. They claim that those provisions, as applied by the licensing authorities in Boston and Brookline, violate the Second Amendment and the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution. Am. Compl. ¶¶ 62-68.

The Commonwealth has a strong interest in defending the constitutionality of Massachusetts statutes. Under Massachusetts law, the Attorney General has a "right to be heard in litigation to represent the interests of the Commonwealth when the constitutionality of its laws is put in question." *Feeney v. Commonwealth*, 373 Mass. 359, 366 (1977).

No party will be unfairly prejudiced by the intervention of the Commonwealth.

As required by Fed. R. Civ. P. 24(c), this motion is being filed together with an answer of the intervenor.

### Certification of Compliance With L.R. 7.1(A)(2)

The undersigned counsel for the Commonwealth certifies that he contacted counsel for all parties by e-mail on March 10, 2017. Counsel for the plaintiffs does not oppose the motion. Counsel for Commissioner Evans and Chief O'Leary assent to the motion.

WHEREFORE, the Commonwealth respectfully requests that it be granted leave to intervene.

MAURA HEALEY
  *ATTORNEY GENERAL OF MASSACHUSETTS*

/s/ William W. Porter
William W. Porter  (BBO # 542207)
Assistant Attorney General
Government Bureau
Office of the Attorney General
One Ashburton Place
Boston, MA  02108
617.963.2976
Bill.Porter@state.ma.us

March 13, 2017

CERTIFICATE OF SERVICE

I hereby certify that the above document will be served on March 13, 2017, by electronic notice for registered counsel and a copy will be served by first-class mail, postage pre-paid, for non-registered counsel.

/s/ William W. Porter
William W. Porter
Assistant Attorney General