UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DANNY WENG; CHRISTOPHER HART;
MARKUS VALLASTER; SARAH ZESCH;
JOHN STANTON; MICHAEL GOULD; and
COMMONWEALTH SECOND AMENDMENT,
INC.,

                Plaintiffs,

     v.

WILLIAM B. EVANS, in his Official Capacity
as Commissioner of the Boston Police
Department; and DANIEL C. O'LEARY, in his
Official Capacity as Chief of the Brookline Police
Department,

                Defendants.

Civil Action
No. 1:16-CV-10181-FDS

**ANSWER OF THE INTERVENOR
COMMONWEALTH OF MASSACHUSETTS**

**First Defense.**

The Commonwealth of Massachusetts answers the corresponding paragraphs of the
amended complaint as follows.

1.     This paragraph summarizes Plaintiffs' legal claim, and asserts conclusions of law,
but contains no allegations of fact to which a response is required under Fed. R. Civ. P. 8(b).  To
the extent this paragraph contains any such allegations, they are denied.

2-5.    These paragraphs contain no allegations of fact to which a response is required
under Fed. R. Civ. P. 8(b), but instead assert only legal conclusions.

6-12.    The Commonwealth lacks knowledge or information sufficient to admit or deny
the allegations of paragraphs 6-12.

13.    The first sentence of this paragraph merely characterizes the capacity in which
Commissioner Evans is sued, but contains no allegations of fact to which a response is required

under Fed. R. Civ. P. 8(b).  The Commonwealth lacks knowledge or information sufficient to admit or deny the allegations of the second sentence of this paragraph.

14.     The first sentence of this paragraph merely characterizes the capacity in which Chief O'Leary is sued, but contains no allegations of fact to which a response is required under Fed. R. Civ. P. 8(b).  The Commonwealth lacks knowledge or information sufficient to admit or deny the allegations of the second sentence of this paragraph.

15.     This paragraph contains no allegations of fact to which a response is required under Fed. R. Civ. P. 8(b) as the text of the Second Amendment speaks for itself.

16.-20. These paragraphs contain no allegations of fact to which a response is required under Fed. R. Civ. P. 8(b), but instead assert only legal conclusions or purport to characterize the scope of constitutional provisions. The Commonwealth does not concede that any such assertions are correct, and denies that they provide a basis for relief.

21-24.  These paragraphs contain no allegations of fact to which a response is required under Fed. R. Civ. P. 8(b), but instead assert only legal conclusions as to the operation or effect of certain provisions of Mass. General Laws Chapter 140, which speak for themselves.

25.     Paragraph 25 contains general, indefinite allegations that concern unnamed localities; these allegations are too vague to permit the Commonwealth to frame a response.  As such, the Commonwealth lacks knowledge or information sufficient to admit or deny the allegations of this paragraph.

26.     Paragraph 26 asserts conclusions of law to which no response is required under Fed. R. Civ. P. 8(b).  This paragraph also contains general, indefinite allegations that concern unnamed persons and localities; these allegations are too vague to permit the Commonwealth to frame a response.  As such, the Commonwealth lacks knowledge or information sufficient to admit or deny the allegations of this paragraph.

27.- 60.  The Commonwealth lacks knowledge or information sufficient to admit or deny the allegations of paragraphs 27 - 60.

61.  Paragraph 61 contains no allegations of fact to which a response is required under Fed. R. Civ. P. 8(b), but instead asserts only legal conclusions. To the extent a response might be required, the Commonwealth denies that plaintiffs constitutional rights have been violated or that they have suffered irreparable injuries.

## Count I

62.  This paragraph contains no allegations of fact to which a response is required under Fed. R. Civ. P. 8(b), but instead asserts only legal conclusions as to the operation of certain provisions of Mass. General Laws Chapter 140, which speak for themselves.  To the extent a response might be required, the Commonwealth denies the allegations of this paragraph.

63.  This paragraph asserts conclusions of law to which no response is required under Fed. R. Civ. P. 8(b).  To the extent a response might be required, the Commonwealth denies the allegations of this paragraph.

64.  The Commonwealth lacks knowledge or information sufficient to admit or deny the allegations of this paragraph.

65.  This paragraph contains no allegations of fact to which any response is required under Fed. R. Civ. P. 8(b), but instead asserts only legal conclusions.  To the extent a response might be required, the Commonwealth denies the allegations of this paragraph and denies that plaintiffs have suffered a violation of constitutional rights.

## Count II

66.  This paragraph contains no allegations of fact to which a response is required under Fed. R. Civ. P. 8(b), but instead asserts only legal conclusions as to the operation of certain provisions of Mass. General Laws Chapter 140, which speak for themselves. To the extent a response might be required, the Commonwealth denies the allegations of this paragraph.

67.  This paragraph contains no allegations of fact to which a response is required under Fed. R. Civ. P. 8(b), but instead asserts only legal conclusions.  To the extent a response might be required, the Commonwealth denies the allegations of this paragraph.

68.     This paragraph contains no allegations of fact to which a response is required under Fed. R. Civ. P. 8(b), but instead asserts only legal conclusions.  To the extent a response might be required, the Commonwealth denies the allegations of this paragraph and denies that plaintiffs have suffered a violation of constitutional rights.

**Second Defense.**

The Commonwealth's sovereign immunity and Eleventh Amendment immunity bar Plaintiffs from seeking or obtaining any relief against the Commonwealth and, in particular, bar relief that involves the declaration or enforcement of state law against state officials.

**Third Defense.**

Plaintiffs cannot assert any claim against the Commonwealth under 42 U.S.C. § 1983.

**Fourth Defense.**

Plaintiffs have failed to state a claim upon which relief can be granted.

**Fifth Defense.**

The plaintiff Commonwealth Second Amendment, Inc., lacks standing to sue.

MAURA HEALEY
*ATTORNEY GENERAL OF MASSACHUSETTS*

/s/ William W. Porter
William W. Porter (BBO # 542207)
Assistant Attorney General
Government Bureau
One Ashburton Place
Boston, MA  02108
617.963.2976
bill.porter@state.ma.us

March 13, 2017

Certificate of Service

I hereby certify that this document was filed through the Electronic Case Filing (ECF) system and thus copies will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF); paper copies will be sent to those indicated on the NEF as non registered participants on or before March 13, 2017.

/s/ William W. Porter
William W. Porter
Assistant Attorney General